## The People of the State of Illinois, Defendant in Error, v. Samuel Malega, Plaintiff in Error.

### Gen. No. 33,699.

Opinion filed January 6, 1930.

Louis Greenberg, for plaintiff in error.

John A. Swanson, State's Attorney, for defendant in error; Edw. E. Wilson and John Holman, Assistant State's Attorneys, of counsel.

Mr. Justice O'Connor delivered the opinion of the court.

An information was filed in the municipal court of Chicago, charging the defendant, Samuel Malega, with unlawfully carrying revolvers concealed on his person. A jury was waived and the trial was before the court, where the defendant was found guilty, a fine of $20 imposed and he was sentenced to the House of Correction for ninety days. Afterwards, the defendant moved to vacate the judgment and filed a petition in support of his motion, which is not in the record. After a number of continuances of the matter, the motion was allowed and the judgment vacated. A change of venue was later allowed on motion of the defendant and on May 22, 1929, the case came on for trial before another judge without a jury, defendant having elected to waive a jury, and after a hearing the defendant was again found guilty and sentenced to three months in the House of Correction. It is to reverse this judgment that he prosecutes this writ of error.

The record discloses that about 3:30 o'clock on the morning of February 16, 1929, a number of police officers in a squad car were driving west on 47th Street in Chicago when they saw the defendant walking west on the south sidewalk of that street. He was walking fast. The squad car pulled over towards the south sidewalk and when it reached a point opposite the de-

fendant the officers saw him take some dark object out of his right-hand overcoat pocket and throw it towards the south. Defendant kept on walking very fast and turned into the building at 1947 West 47th Street, where he was arrested by one of the officers. He had some keys in his hand and was attempting to unlock the door at that number. He was searched by the officer to ascertain whether he carried any concealed weapons and not having found any, the officer was about to turn him loose when he was advised by the other officers that they had found three revolvers, one in the front of 1941 and two in front of 1943 West 47th Street. They then arrested the defendant and one of the officers testified that he then asked the defendant where he was going with the guns and why he threw them when he saw the officers coming, and that defendant replied, ''You would not want me to keep them in my pocket until you searched me.'' They then took the defendant in an automobile to the police station. The defendant testified that he did not throw any revolvers as testified to by the police, but that he threw an empty cigarette carton; that he was going about his business and was entering the premises at 1947, which was a real estate office, to get some clothes he had left there. In rebuttal two of the police officers testified that after placing the defendant under arrest, and when they were driving to the police station, defendant offered them $40 if they would release him. This testimony was not denied by the defendant.

The defendant contends that he was sentenced to confinement at labor in the House of Correction for three months under section 5 of the Deadly Weapon Act (Cahill's St. ch. 38, ¶ 141 (5) ; par. 156, ch. 38, Smith-Hurd's St. 1929) ; that under that section the punishment should have been in the county jail; that the sentence in the House of Correction is provided for by section 2 of the Act of 1879 (Cahill's St. ch. 38, ¶ 383; par. 390, Smith-Hurd's St. 1929), but that that

section applies only to misdemeanors which are defined and punishable under the Criminal Code; and that the Deadly Weapon Act is no part of the Criminal Code but is an independent act complete in itself. It is argued that the sentence to the House of Correction is unwarranted under the law. In support of defendant's contention that the Deadly Weapon Act of 1925 is an independent act, the case of *People v. Borgeson,* 335 Ill. 136, is cited. In that case, the defendant was prosecuted under the Deadly Weapon Act of 1925, found guilty and sentenced to the House of Correction, and it was contended that defendant should have been punished under section 56 of the Criminal Code, and not the section of the Deadly Weapon Act. The court there held that the Deadly Weapon Act was complete in itself and repealed by implication certain provisions in section 56 of the Criminal Code. It was there held that the Deadly Weapon Act was not unconstitutional. It might be observed, however, that although the point was not there raised or decided, and although the defendant there was prosecuted under the Deadly Weapon Act, he was sentenced to the House of Correction and not to the county jail.

Section 4 of the Deadly Weapon Act of 1925, Cahill's St. ch. 38, ¶ 141 (4), provides in part that ''No person shall carry concealed on or about his person a pistol, revolver or other firearm.'' Section 5 provides, ''Whoever shall violate any of the provisions of section 1 or section 4 of this Act shall be guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars ($300) or imprisonment in the county jail for a period of not more than one (1) year, or both such fine and imprisonment.''

Section 2 of the Act of 1879 provides, ''That hereafter any person convicted in any Court of Record of any misdemeanor under the criminal code of this State, the punishment of which in whole or in part now is, or

hereafter may be imprisonment in the county jail, the court in which such conviction is had, may in its discretion, instead of committing to jail, sentence such person to labor in the work-house of any city, town or county, where the conviction is had, or on the streets and alleys of any city, town or on the public roads of the county, under any street commissioner, city marshal, or person having charge of the work-house, streets, or public roads of such city, town or county, or to such labor under the direction of the sheriff as the county board may provide for.'' The argument made by counsel for the defendant is that the punishment provided in section 2, just quoted, applies only where one is found guilty of a misdemeanor under the criminal code of this State and that the Deadly Weapon Act is not a part of the criminal code of this State. We think this contention is unsound. What is often designated as the criminal code of this State is made up of a great many different acts passed at different times by the legislature, and the makers of statutes generally place most acts defining crimes and providing for their punishment in chapter 38, Cahill's St. ch. 38, of our statutes. But strictly speaking, we have no such thing as a code of our criminal law. We think the court was authorized in its discretion after the defendant was found guilty, in sentencing the defendant to labor in the House of Correction under section 2 quoted above.

It is further argued that the defendant was not proven guilty beyond a reasonable doubt and that it was not proved beyond a reasonable doubt that the defendant carried the revolvers concealed upon his person which were found by the police officers. We have carefully considered this evidence, most of which we have above set forth, and are of the opinion that the finding is warranted by the evidence. In this connection counsel argues that it is incredible to believe that the defendant, who was in front of the premises of 1945 West 47th Street and was walking west, could

throw the revolvers in front of the premises at 1941 and 1943 West 47th Street. But we think this is not a fair construction of the evidence in the record. The testimony indicates that plaintiff was walking rapidly west and that he was about in front of 1943 when he threw the pistols.

The judgment of the municipal court of Chicago is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.