## Commonwealth *v.* Pressley, Appellant.

Argued December 13, 1967. Before WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ. (ERVIN, P. J., and WRIGHT, J., absent).

*Brian Appel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Leslie J. Carson, Jr.,* Assistant District Attorney, with him *Alan J. Davis,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 15, 1968:
Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from a judgment of sentence imposed by the lower court.

Appellant was indicted for carrying a concealed deadly weapon, §416 of The Penal Code (18 P.S. §4416), and unlawfully carrying a firearm without a license, §628(e) of The Penal Code (18 P.S. 4628(e)). The lower court found appellant guilty of unlawfully carrying a firearm without a license and not guilty of carrying a concealed, deadly weapon. Appellant was sentenced to not less than one and one half nor more than three years in the State Correctional Institution.

The sole witness for the prosecution was officer Richard Pearcy. Officer Pearcy testified that, he, accompanied by his partner, went to North 17th Street in Philadelphia. There he observed appellant leave the premises at 636 N. 17th Street, enter a bar on the corner of the street, and leave the bar approximately two minutes later. As appellant started to cross North 17th Street to the side on which the officers were standing, a bus passed between them, blocking the officer's view for a period of less than ten seconds. Officer Pearcy stated that after the bus passed he saw a pistol

lying on the ground approximately one foot from appellant.

Both appellant and his wife denied that he had a weapon in his possession on the date of his arrest.

In this appeal, appellant contends that the Commonwealth failed to offer any evidence that he had possession of a *concealed* firearm, as required by the Uniform Firearms Act under which he was convicted.[1] The Commonwealth agrees that concealment is an essential element of the offense, but denies that concealment was not established here.

Appellant first contends that the trial judge implicitly found that there was no concealment because she found appellant not guilty of carrying a concealed deadly weapon. He contends that the elements of the two indictments are similar, that is, possession and concealment. In this, the appellant errs. Unlike the Uniform Firearms Act violation, under which appellant was convicted, §416 of The Penal Code requires, in addition, proof that he was carrying the weapon ". . . with the intent therewith unlawfully and maliciously to do injury to any other person." That statute "does not forbid the innocent carrying of any object, whether used solely for attack or defense. . . ." *Commonwealth v. Festa,* 156 Pa. Superior Ct. 329, 334, 40 A. 2d 112 (1944).

Here, the court might have decided that appellant was carrying the concealed weapon without such requisite intent.

Nonetheless, I cannot agree with the Commonwealth that concealment has been established beyond a reasonable doubt. No evidence was adduced to indicate that the firearm was ever in appellant's possession, con-

---

[1] "(e) No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." §628(e) of The Penal Code, 18 P.S. §4628(e) (1963).

cealed or in plain sight. The only evidence adduced was that the firearm was observed at appellant's feet after a bus had passed in front of him.

Even assuming that appellant did have possession of the firearm, the police officers could not specifically testify that the gun was not in open view but was concealed. This situation is somewhat analogous to *People v. Beason,* 342 Ill. App. 621, 97 N.E. 2d 603 (1951), where the police officers testified that immediately after the defendant fired his gun, they observed it on the ground next to his feet. The court ruled that concealment could not be inferred from the fact that the defendant had a pistol in his hand. The Court stated, "Just when or where defendant had a gun concealed on his person does not appear from the evidence."

In this case, the court's finding of concealment was based on conjecture and inference unsupported by the record. For this reason, I would grant a new trial.