**People of the State of Illinois, Plaintiff-Appellee, v. Robert Martin, Defendant-Appellant.**

**Gen. No. 51,999.**

First District, Third Division.

November 7, 1968.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Marshall J. Hartman and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

In a trial without a jury the defendant was found guilty of carrying a concealed weapon and was sentenced to serve a term of one to three years in the penitentiary. On appeal he contends that his conviction was based on evidence introduced in violation of his privilege against self-incrimination, that his attorney stipulated away his basic constitutional rights, that he was denied a fair trial, and that he was inadequately represented by his attorney. The facts follow.

Prior to his trial the defendant made a motion to suppress as evidence the gun which was taken from him at the time of his arrest. At the hearing on that motion Police Officer Cecil Young testified that on January 1, 1966, he investigated a disturbance at 6555 Cottage Grove Avenue in Chicago and was told by those at the scene that defendant was the man who had caused the disturbance. He saw defendant walking away at a fast pace and ordered him to stop. Defendant refused and Young observed him reach into his coat and discard a revolver as he walked away. Defendant's back was toward Young the entire time and Young did not testify expressly that the weapon was concealed from view. Young recovered the revolver and placed defendant under arrest. Defendant testified at the hearing that he had just purchased the revolver, that it was empty and that he did not know he was doing anything wrong in carry-

ing it. He admitted that the gun was under his coat and that it was not visible.

The motion to suppress was denied and the court proceeded to try the case. The State's Attorney and counsel for defendant stipulated that the testimony at the trial would be the same as that previously heard on the motion to suppress. The only additional evidence offered by the State was the revolver and a holster taken from defendant at the time of his arrest. Defendant then moved for a finding of not guilty. The court denied the motion on the express ground that there was a "judicial confession" from defendant. The defendant took the stand and testified that he did not intend to conceal the gun, that he made no attempt to conceal it, that he did not wrap his coat tightly around himself in order to conceal it, and that he threw the gun away because he did not want any trouble.

Defendant contends that his conviction was based on evidence introduced in violation of his privilege against self-incrimination. It is axiomatic that concealment is a necessary element of the offense charged. Ill Rev Stats, c 38, § 24–1(a)(4) (1967). People v. Lake, 332 Ill 617, 164 NE 167; People v. Beason, 342 Ill App 621, 97 NE2d 603. Officer Young testified at the hearing to suppress that he saw the defendant discard a gun while walking away from him, but he did not testify that the gun was concealed from view. The only evidence which establishes that the weapon was concealed is the defendant's own admission made while testifying in support of his motion to suppress.

At the conclusion of the State's case the defendant moved for a finding of not guilty. The court denied the motion stating "I have a judicial confession that he had the gun," having in mind obviously the admission made at the motion to suppress.

When a defendant testifies in support of a motion to suppress evidence, he waives the privilege against self-incrimination only so far as the proceeding testing the legality of the search is concerned. Such testimony cannot be used by the State to supply necessary elements in proof of the crime charged. People v. Williams,

25 Ill2d 562, 185 NE2d 686. In that case the defendant had been indicted for the unlawful possession of narcotics. His attorney agreed to allow the trial court to hear evidence on a motion to suppress and the issue of guilt simultaneously. On the basis of Williams' admission that the white powder removed from her brassiere was a narcotic drug, the court found her guilty. The Supreme Court reversed, notwithstanding the fact that no objection had been made at the trial and even though it was by defense counsel's stipulation that the court was allowed to consider the defendant's admission on the question of guilt.

■ ■ It was error for the trial court in the instant case to have considered, for the purpose of proving defendant's guilt, an admission made by him at the hearing on his motion to suppress. Without the defendant's admission that the gun was not visible, there was no evidence to establish that the weapon was concealed. Since that was an essential element of the crime, the judgment of the trial court must be reversed. The other points raised need not be considered.

Judgment reversed.

DEMPSEY, P. J. and SULLIVAN, J., concur.