Commonwealth *v.* Pressley, Appellant.

Argued November 14, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

164

*Brian Appel,* Assistant Defender, with him *Melvin Dildine,* Assistant Defender, and *Herman I. Pollock,* Defender, for appellant.

*Paul R. Michel,* Assistant District Attorney, with him *James D. Crawford,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, January 15, 1969:

Appellant was indicted for carrying a concealed deadly weapon and unlawfully carrying a firearm without a license. The court, sitting without a jury, found appellant not guilty of carrying a concealed deadly weapon and guilty of carrying a firearm without a license. The Superior Court affirmed per curiam, Judge HOFFMAN dissenting, and we granted allocatur.

The Commonwealth's only witness, police officer Pearcy, testified that he and his partner waited outside a building in Philadelphia, saw appellant come out and enter a bar, and two minutes later saw him leave the bar. Appellant then started to cross the street, when Officer Pearcy's partner called to him. At this point a bus came between the policemen and appellant, and Officer Pearcy testified that after it had passed he saw a gun on the ground at appellant's feet. He had not seen the gun there before the bus went by, and Officer Pearcy testified that his partner had seen appellant reach under his sweater just before the bus passed. Officer Pearcy testified that the gun did not come from the bus, and appellant also stated that he did not see the gun come from the bus. Appellant maintains that this evidence was insufficient to convict him of carrying a firearm without a license.

Appellant was convicted under subsection (e) of the Uniform Firearms Act, Act of June 24, 1939, P. L. 872, §628, as amended, 18 P.S. §4628(e), which provides in relevant part that "No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefor as hereinafter provided." Appellant contends that even assuming that the Commonwealth proved circumstances sufficient to establish possession of the gun, it failed to introduce sufficient evidence to show concealment, a statutory element of the crime.

Appellant first maintains that the trial court's finding of not guilty under the indictment for carrying a concealed deadly weapon in violation of §416 of The Penal Code, Act of June 24, 1939, P. L. 872, as amended, 18 P.S. §4416, precluded a finding of guilty under subsection (e) of the Uniform Firearms Act, since the elements of the crimes are the same. However under

§416 of The Penal Code, appellant could be convicted only for carrying a "firearm . . . concealed upon his person . . . with the *intent* therewith *unlawfully and maliciously to do injury* to any other person. . . ." (Emphasis added.) No such intent is necessary to sustain a conviction under the Uniform Firearms Act charge, and thus if the trial court believed that appellant lacked the requisite intent, it would have acquitted him on the §4416 charge while finding him guilty of the §4628(e) charge.

We also reject appellant's next contention that on this record, there was insufficient evidence to support a finding of concealment. Officer Pearcy testified that his partner saw appellant reach under his sweater, a bus passed, and then the officers saw a gun on the ground at appellant's feet. Under these circumstances, it was proper for the finder of facts to infer that the gun had been under appellant's sweater and was thrown to the ground by appellant when the bus passed.

Appellant relies on *People v. Beason*, 342 Ill. App. 621, 97 N.E. 2d 603 (1951) as persuasive authority. In *Beason* however, the police testified only that they saw appellant fire the gun and then saw it at his feet. There was no evidence to in any way indicate that appellant had at any time taken the gun out of a concealed place. That is not the case here, where one officer saw appellant reach beneath his sweater just before the bus passed.

The order of the Superior Court is affirmed.