J-S52006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
DARNELL BROWN   :
  :
Appellant   :   No. 723 EDA 2020

Appeal from the PCRA Order Entered February 13, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003322-2013

BEFORE:    PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:        **FILED JANUARY 12, 2021**

Appellant, Darnell Brown, appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546. On appeal, Brown raises a single claim that trial counsel was ineffective for failing to challenge the sufficiency of the evidence underlying his conviction for carrying a firearm without a license in violation of 18 Pa.C.S.A. § 6106. Specifically, Brown alleges that the Commonwealth did not establish that the gun he was carrying, and the one which he used to shoot and kill Cory Morton, was concealed. As we conclude that the PCRA court did not err in determining that this issue does not entitle Brown to any relief, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

Early in the morning of December 9, 2012, Brown and Marcus Stokes were at a house party in North Philadelphia. Morton was also attending the party. An argument erupted between Brown and Morton. After Stokes handed Brown his gun, which Brown had been looking for, Brown shot and killed Morton. Both Brown and Stokes fled but were subsequently arrested and charged with Morton's murder.

Brown and Stokes were tried jointly before a jury. At trial, Antwain Williams, who was also at the house party on December 9 and witnessed the murder, testified for the Commonwealth. Williams testified that he had known both Brown and Morton their entire lives. He recounted that while he was outside the party, he saw Brown "taking a leak." N.T. Trial, 11/4/14, at 109. While Brown was doing so, Williams saw a gun fall from Brown's waist area and hit the ground. *See id*. at 109-110. Williams testified that he did not see the gun before it fell. *See id*. at 139. According to Williams, Brown then picked up the gun and placed it on the lower steps of a house across the street from the party. *See id*. at 110, 133, 140-141.

Approximately 30 to 45 minutes after Williams witnessed the gun fall from Brown's waist area, Williams heard Morton and Brown arguing outside the party. *See id*. at 111. Williams testified that Brown punched Morton and began searching for his gun and asking Stokes to hand him his gun. *See id*. at 117-118. Williams stated that he implored Stokes not to hand the gun to Brown, but Stokes did so anyway. *See id*. at 118-119. Brown then shot

Morton several times and fled. **See id**. at 122. Williams testified that he chased Brown, but was not able to find him. **See id**.

Following the trial, the jury convicted Brown of third-degree murder, carrying a firearm without a license in violation of Section 6106, carrying a firearm in a public place in violation of 18 Pa.C.S.A. § 6108 and possession of an instrument of crime ("PIC"). Stokes, meanwhile, was acquitted of all charges. The trial court sentenced Brown to 20-40 years' imprisonment for the third-degree murder count, a consecutive term of four to eight years' imprisonment for the Section 6106 violation, and a consecutive term of one to two years' imprisonment for the Section 6108 violation. The trial court also sentenced Brown to a term of probation of five years for the PIC charge to follow his term of imprisonment. Brown appealed, and both this Court and our Supreme Court affirmed Brown's judgment of sentence. **See Commonwealth v. Brown**, 139 A.3d 208 (Pa. Super. 2016), *affirmed*, 185 A.3d 316 (Pa. 2018).

On October 2, 2018, Brown filed a timely *pro se* PCRA petition in which he alleged several instances of trial and appellate counsel's ineffectiveness.[1] Counsel was appointed and subsequently filed an amended PCRA petition. In the amended petition, Brown claimed that his sentence for his conviction under Section 6106 was illegal as it exceeded the allowable statutory

_____

[1] Brown was represented by the same counsel at his trial and on direct appeal.

maximum for that conviction by one year. He also alleged that counsel was ineffective for failing to raise a claim that there was insufficient evidence to support the conviction under Section 6106 in the first place. The Commonwealth filed a response, acknowledging that relief should be granted to Brown insofar as the sentence imposed for the Section 6106 violation exceeded the statutory maximum. The Commonwealth argued, however, that Brown's claim that counsel had been ineffective for failing to challenge the sufficiency of the evidence underlying his conviction for the Section 6106 violation should be dismissed as meritless.

The PCRA court partially granted Brown's PCRA petition, as it agreed that Brown was entitled to be resentenced for the Section 6106 violation so that his sentence conformed with the maximum allowed by statute for that violation. As for the other claims in the PCRA petition, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss those claims without a hearing. On February 13, 2020, the PCRA court resentenced Brown to a reduced term of three and one-half to seven years' imprisonment for the Section 6106 violation. On that same date, the PCRA court also issued an order dismissing Brown's PCRA petition as it related to all other claims.

Brown filed a timely notice of appeal. He then complied with the court's order to file a Pa.R.A.P. 1925(b) statement in which he raised the single claim that the PCRA court had erred by failing to hold a hearing on his claim that counsel had been ineffective for failing to challenge the sufficiency of his

conviction under Section 6106. In response, the PCRA court issued a Pa.R.A.P. 1925(a) opinion concluding that Brown's ineffectiveness claim was without arguable merit as the record showed that the Commonwealth had met its burden of establishing the elements of the Section 6106 violation.

This Court, meanwhile, issued a rule to show cause why Brown's appeal should not be quashed on the grounds that Brown had filed a single notice of appeal from two separate orders, ostensibly the order resentencing Brown on the Section 6106 violation and the order dismissing his PCRA petition on all other grounds. In response, Brown noted that he was not appealing the resentencing order that had corrected the illegality of his original sentence for the Section 6106 violation. Rather, Brown explained that he was only appealing the single issue that counsel had been ineffective for failing to argue that Brown should not have been convicted under Section 6106 in the first instance because there had been insufficient evidence to support such a conviction.[2] Because the PCRA court denied relief on the basis of this issue by virtue of its order dismissing the PCRA petition, Brown essentially argued that filing a single notice of appeal to appeal the order dismissing the PCRA petition

---

[2] Brown did file a post-sentence motion arguing that his resentence for the Section 6106 violation represented an abuse of discretion, a motion which the PCRA court denied. However, as evidenced by his response to the rule-to-show-cause order and his Pa.R.A.P. 1925 (b) statement, Brown opted not to pursue that claim on appeal.

was adequate to perfect his appeal regarding the sufficiency issue. This Court issued an order discharging the rule to show cause and deferring the matter to the panel of this Court assigned to review the merits of the appeal.

Neither Brown nor the Commonwealth address the quashal issue in their appellate brief to this Court. Instead, both proceed directly to arguing the merits of Brown's sole ineffectiveness claim raised on appeal. However, we agree with Brown's response to the rule-to-show-cause order that quashal of his appeal is not warranted in the circumstances presented here. Brown filed a single notice of appeal to appeal a single issue that had been denied by the PCRA court in its order dismissing the PCRA petition. **See** Pa.R.A.P. 341(a).[3] Moreover, there is no **Walker** issue here, as there has only ever been a single lower court docket number as it relates to Brown in this matter. **See Commonwealth v. Walker**, 185 A.3d 969, 977 (Pa. 2018) (adopting a prospective bright-line rule that separate notices of appeal must be filed when a single order resolves issues arising on more than one lower court docket). As we decline to quash the appeal under these circumstances, we proceed to the merits of Brown's sole claim on appeal, which Brown frames as follows:

> Did the PCRA court err in dismissing [Brown's] PCRA Petition in part without a hearing because trial/direct appeal counsel was

---

[3] The rule-to-show-cause order cited to **Commonwealth v. C.M.K.**, 932 A.2d 111 (Pa. Super. 2007). However, the circumstances in this case are vastly different from those in **C.M.K.**, where this Court quashed a single notice of appeal filed jointly by two co-defendants from their individual judgment of sentence orders. **Id**. at 113.

ineffective for failing to challenge the sufficiency of the evidence related to [Brown's] [Section] 6106 conviction?

Appellant's Brief at 4. No relief is due.

When we review the denial of a PCRA petition, our standard of review is limited to examining whether the record supports the PCRA court's determination and whether the court's decision is free of legal error. *See Commonwealth v. Shaw,* 217 A.3d 265, 269 (Pa. Super. 2019). In addition, this Court does not review the case *de novo*, and instead:

> grants great deference to the findings of the PCRA court if the record contains any support for those findings. Further, a petitioner is not entitled to a PCRA hearing as a matter of right[.] [T]he PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact, the petitioner is not entitled to PCRA relief, and no purpose could be served by any further proceedings.

*Id.* (internal citations omitted).

The law presumes that counsel was effective. *See Commonwealth v. Brooks*, 839 A.2d 245, 248 (Pa. 2003). In order to overcome that presumption and prevail on a claim of ineffectiveness, a defendant must establish that: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his conduct; and (3) he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that because of the act or omission in question, the outcome of the proceeding would have been different. *See id*. If a court can determine without an evidentiary hearing that one of the prongs of this test cannot be met in an ineffectiveness claim brought by a defendant, there is no purpose to be served by holding a hearing on that

ineffectiveness claim. **See Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008).

Brown argues, in effect, that the PCRA court erred by not holding a hearing on his claim that counsel was ineffective for failing to challenge the sufficiency of the evidence to support his Section 6106 conviction. This claim fails.

Evidence presented at trial is sufficient when, viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence and all reasonable inferences derived from the evidence are sufficient to establish all elements of the offense beyond a reasonable doubt. **See Commonwealth v. Blakeney**, 946 A.2d 645, 651 (Pa. 2008). The Commonwealth may sustain its burden entirely by circumstantial evidence and the jury, which passes upon the weight and credibility of each witness's testimony is free to believe all, part or none of the evidence. **See Commonwealth v. Ramtahal**, 33 A.3d 602, 607 (Pa. 2011).

To sustain a conviction of carrying a firearm without a license, the Commonwealth must prove that the defendant "carried a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license." 18 Pa.C.S.A. § 6106(a)(1). The issue of concealment depends on the particular facts presented by a case, and it is a question to be resolved by the trier of fact. **See Commonwealth v. Horshaw**, 346 A.2d 340, 343 (Pa. Super. 1975); **see also Commonwealth**

***v. Montgomery***, 234 A.3d 523, 535 (Pa. 2020) (holding that it is for the fact-finder to determine from the totality of the circumstances whether the defendant concealed a firearm on his person for purposes of Section 6106). If the record is sufficient for the fact-finder to infer that the defendant concealed the firearm on his person, the conviction for a Section 6106 violation will stand. ***See Horshaw,*** 346 A.2d at 343; ***Commonwealth v. Nickol***, 381 A.2d 873, 877 (Pa. 1977)*.*

Here, Brown does not argue that he had a lawful license for the firearm used to kill Morton or that he was in his home or place of business when he shot Morton. Instead, he attacks his conviction under Section 6106 solely on the grounds that "there was no evidence of concealment of the firearm on or about [his] person." Appellant's Brief at 12. In rejecting this claim below, the PCRA court determined that Brown's argument was contradicted by the testimony provided by Williams. The court pointed to Williams's testimony that he saw a gun, which had not been visible before, drop from Brown's waist area and hit the ground. Williams then saw Brown pick up the gun and put it on the outside steps of a house across the street from the party. The court found that this testimony was more than sufficient to establish the concealment element of a Section 6106 violation, stating that "[c]learly, not having seen the gun prior to it falling from [Brown's] body is enough for a conviction under section 6106." PCRA Court Opinion, 5/18/20, at 8.

Brown acknowledges this testimony from Williams but asserts that the PCRA court should not have relied upon it because "there was scant testimony as to what [Williams] saw prior to the gun falling." Appellant's Brief at 12. Brown's argument, however, misses the point of the PCRA court. The defining basis for establishing the concealment element here was not what Williams saw prior to the gun falling but rather was *what he did not see*, *i.e.* he did not see the gun prior to it falling from Brown's waist area. As the PCRA court indicated, it was clearly reasonable for the jury to infer from these circumstances that the gun was concealed on or about Brown's person before it fell to the ground. **See Commonwealth v. Pressley**, 249 A.2d 345, 346 (Pa. 1969) (holding that the trial court, as fact-finder, could properly infer that the appellant concealed a gun under his sweater where an officer testified that his partner saw the appellant reach under his sweater, a bus passed between the appellant and the officers, and there was then a gun which had not been seen before the passing of the bus on the ground at the appellant's feet). Any challenge to Williams's ability to observe Brown went to the weight of his testimony, not its sufficiency. **See Commonwealth v. Melvin**, 103 A.3d 1, 43 (Pa. Super. 2014) (holding that challenges to the credibility of a witness go to the weight of the evidence, not its sufficiency).

Based on the above, we do not see any error in the PCRA court's determination that a challenge to the sufficiency of the evidence would have been meritless, and there was therefore no need to hold a hearing regarding

counsel's failure to bring that meritless claim. *See Jones*, 942 A.2d at 906; *see also Commonwealth v. Spotz,* 896 A.2d 1191, 1210 (Pa. 2006) (holding that counsel will not be deemed ineffective for failing to raise a meritless claim).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/12/2021