## No. 23037.

FRANK DODGE *v.* THE PEOPLE OF THE STATE OF COLORADO.
(452 P.2d 759)

Decided April 1, 1969.    Rehearing denied April 28, 1969.

Levi Martinez, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, James F. Pamp, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

The plaintiff in error, hereafter called the defendant, brings this writ of error in which he alleges grounds for reversal of his conviction of the crime of confidence game, as defined by C.R.S. 1963, 40-10-1.

The charge and conviction of confidence game is based upon these facts: On three successive days, April 2, 3 and 4, 1964, defendant purchased a truckload of beans from a Rocky Ford bean dealer, and each time, he gave a postdated check in payment. The bean dealer had never

seen defendant before April 2nd, but he testified that he sold the beans and took defendant's three postdated checks, totaling $5,397.50, in reliance upon defendant's representations, the impressive produce truck which he was driving, and a deposit slip which defendant showed him at the time of the first sale. This deposit slip indicated a $6,000 deposit to defendant's bank account in a Colorado Springs bank, but such a deposit had not been made and defendant did not have sufficient money in his account to cover the checks.

Defendant asked the dealer to take his postdated checks, representing that he intended to sell the beans in Denver and then put the cash proceeds in the Colorado Springs bank "to assure the checks" given to the dealer. The defendant sold the beans, but did not deposit the proceeds. The first two of defendant's checks were returned marked "insufficient funds," and the last check was marked "account closed."

Trial was to a jury which returned a verdict of "guilty." No evidence was offered on behalf of the defendant. Before trial, defense counsel filed motions to dismiss and, at the close of the evidence, filed a motion for acquittal. The motions were denied by the trial court.

Defendant relies upon the following three assignments of error:

(1) the information should have been dismissed before trial for lack of timely prosecution and denial of a speedy trial;

(2) insufficiency of evidence to convict defendant of the crime of confidence game; and,

(3) erroneous admission of evidence that defendant was not a licensed and bonded dealer as required by the Colorado Department of Agriculture.

## I.

With regard to the defendant's first contention that there was a lack of timely prosecution and denial of a speedy trial, we wish to make this initial comment regarding a statement in the defendant's brief. It is stated

534

that the filing stamp of the clerk of the district court clearly shows the information charging the defendant with the crime of confidence game was filed October 18, 1965. To support this date, which is the underlying basis for this contention of the defendant, we are referred to folios 4 and 5 of the certified record. This folio reference is to the record copy of the information, which clearly and without question shows a filing stamp dated October 18, 1966. Other dated entries on this information show conclusively that the information was filed on October 18, 1966.

■ The record before this court clearly shows that the information was filed on October 18, 1966. Defendant was brought before the court on the same date, October 18, 1966, for arraignment. The arraignment was twice continued, to November 14 and November 16, 1966, and both continuances were at defendant's request in order that he might have his retained counsel present. Defendant was tried on January 18 and 19, 1967, and defense counsel stipulated that there was no delay after arraignment. Defendant's first assignment of error is without merit, and is totally without support as shown from the record certified to us on this writ of error.

II.

■ We do not find that there was an insufficiency of evidence as a matter of law to support the defendant's conviction.

Here, the defendant induced the bean dealer to accept postdated checks by the device of a false deposit slip, and and the dealer testified that he relied upon its false showing of a $6,000 deposit to defendant's account. Defendant's conduct falls within the definition of confidence game which this court approved in *Kelly v. People*, 121 Colo. 243, 215 P.2d 336, and later in *Fischer v. People*, 138 Colo. 559, 335 P.2d 871:

"To constitute the offense of 'confidence game,' the money or property must have been obtained, or the attempt thereto made, by some false or bogus means, token,

symbol or device, as distinguished from mere words, however false and fraudulent. Such offense is not necessarily limited to obtaining money or property by means of, or by use of . . . any false or bogus checks, but includes any swindle perpetrated by any means, tokens, symbol or device, which is deceitful and illegitimately used to gain the confidence of the person thereby defrauded." See also *Munsell v. People,* 122 Colo. 420, 222 P.2d 615, where conviction of confidence game was upheld on facts, which were comparable to the evidence in the instant case.

As to the issue of whether the evidence is sufficient in fact to sustain defendant's conviction, we reiterate these established rules: the evidence, with reasonable inferences therefrom, must be viewed in the light most favorable to the jury's verdict; the jury is assumed to have adopted that evidence which supports its verdict; and, the jury having found the guilt of the accused proved beyond a reasonable doubt, this court will neither weigh the evidence nor appraise the credibility of witnesses. *Wilson v. People,* 143 Colo. 544, 354 P.2d 588; *Hershorn v. People,* 108 Colo. 43, 113 P.2d 680, 139 A.L.R. 297. See also *Gusow v. United States,* 347 F.2d 755 (C.A. 10th, Colo.), *cert. den.* 382 U.S. 906, 86 S.Ct. 243, 15 L.Ed.2d 159.

In the instant case, there was sufficient evidence to establish a prima facie case against defendant. No evidence was presented by the defense, and hence, there was neither denial nor explanation of any of the facts testified to by the prosecution witnesses. The defendant does not complain of the propriety of any of the instructions given to the jury, the jury found him guilty, and we therefore must refuse to disturb the jury's verdict.

III.

The last assignment of error is the admission of testimony, over defendant's objection, that defendant was not a licensed and bonded produce dealer. Under the facts of this case, the admission of this testimony, whether

or not relevant, did not constitute prejudicial error. Judgment affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE dissent.