No. 24869

## The People of the State of Colorado v. Samuel Joseph Trujillo
(497 P.2d 1)

Decided April 17, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Tennyson W. Grebenar, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The trial court's denial of a motion by Samuel Joseph Trujillo to vacate a sentence under the provisions of Crim. P. 35(b) has been appealed to this Court. The appellant seeks relief from a sentence which was imposed upon him after he plead guilty to an information charging a violation of C.R.S. 1963, 40-11-10. He asserts that he is entitled to have the sentence vacated because the statute, which provides felony penalties for the carrying of certain concealed weapons by those who have committed eleven specified crimes, violates the requirements of Article II, Section 25 of the Colorado Constitution and the equal protection provisions of the Fourteenth Amendment to the United States Constitution. He argues that the statute, by prohibiting certain felons, but not all felons, from carrying specified concealed weapons is unreasonable and arbitrary.

The sole question before us is whether C.R.S. 1963, 40-11-10 constitutes unreasonable class legislation as it is applied to the defendant. The statute provides:

"40-11-10. *Possession of firearms or deadly weapons by certain felons.* —(1) Any person previously convicted of murder, voluntary manslaughter, assault to commit murder, assault with a deadly weapon, or robbery, burglary, rape, mayhem, arson, larceny, or, of possession of narcotics, within the immediately preceding ten years, who shall use or carry concealed upon his person any firearms, as defined by law, or any pistol, revolver, bowie knife, dagger, sling shot, brass knuckles, or other deadly weapon shall be guilty of a felony, and upon conviction thereof, for the first offense shall be punished by imprisonment in the penitentiary for a term of not less than two years nor more than ten years, and for a second or subsequent offense, shall be punished by imprisonment in the penitentiary for a term of not less than five years nor more than ten years."

The appellant's conviction under the statute was premised on the fact that he was discovered carrying a pistol concealed on

his person and that on two previous occasions he had been convicted of the crime of burglary.

It is well established that all reasonable intendments must be indulged to support the constitutionality of legislative acts, including classifications adopted by lawmakers. Their groupings will not be disturbed unless the classification is clearly arbitrary and without any reasonable basis. In determining whether a legislative act denies equal protection of the law to a certain class, we have stated:

"Equal protection of the law is a guarantee of like treatment of all those who are similarly situated. Any classification of persons singled out for legislation must be reasonable and not arbitrary and must be based on substantial differences having a reasonable relation to the persons dealt with and the public purpose to be achieved."

See *Lee v. People,* 170 Colo. 268, 460 P.2d 796 (1969), and the cases cited therein.

We also subscribe to the statement by Justice Holmes in *Patsone v. Pennsylvania,* 232 U.S. 138, 34 S.Ct. 281, 58 L.Ed. 539 (1914):

". . . [W]e start with the general consideration that a State may classify with reference to the evil to be prevented, and that if the class discriminated against is or reasonably might be considered to define those from whom the evil mainly is to be feared, it properly may be picked out. A lack of abstract symmetry does not matter. The question is a practical one dependent upon experience. The demand for symmetry ignores the specific difference that experience is supposed to have shown to mark the class. It is not enough to invalidate the law that others may do the same thing and go unpunished, if, as a matter of fact, it is found that the danger is characteristic of the class named. . . ."

In our view, the classification which prohibits the appellant from carrying a concealed weapon is not unreasonable in its relationship to the evil sought to be cured. To limit the possession of firearms by those who, by their past conduct, have demonstrated an unfitness to be entrusted with such dangerous instrumentalities, is clearly in the

interest of the public health, safety, and welfare and within the scope of the Legislature's police power. Furthermore, we note that many other states have enacted similar legislation, and it has been uniformly upheld as valid. *See, e.g., State v. Weathers,* 205 Kan. 329, 469 P.2d 292 (1970); *Refro v. State,* 372 P.2d 45 (Okla. Cr. 1962); *State v. Robinson,* 217 Ore. 612, 343 P.2d 886 (1959); *Ex parte Rameriz,* 193 Cal. 633, 226 P. 914 (1924).

Accordingly, having determined that the statute in question is not subject to the constitutional attack which the appellant has made, we affirm the trial court.