No. 25892

The People of the State of Colorado v.
Roger Dennis Trujillo
(524 P.2d 1379)

Decided April 1, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Jack E. Hanthorn, Assistant, James S. Russell, Assistant, for plaintiff-appellee.

Eugene Deikman, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant was charged with attempted robbery. As a person previously convicted of robbery, he was also charged with having a firearm on his person in violation of 1965 Perm. Supp., C.R.S. 1963, 40-11-10. The jury found the defendant guilty of both charges. The sentences imposed were ordered to run concurrently. On appeal, the defendant claims the trial court committed several errors which require reversal of both convictions. We do not find any reversible error and therefore affirm the judgment of the trial court.

Defendant entered a small walkup hotel and inquired about whether a room was available. The clerk, who was behind the counter, answered in the negative. The defendant then pointed a gun at the back of the head of one Adams who was standing at the counter and announced that this was a "stick-up." In addition to the clerk and Adams, there was one other man at the scene. Adams swung around, knocked the defendant down, and one of the other men wrested the gun from his possession. The defendant was restrained, the police were called, and upon arrival, he was arrested. The gun was not loaded. Also, there was no evidence that it was in operable condition.

I.

As to the attempted robbery conviction, the defendant contends that the trial court committed reversible error when it changed the charge after the prosecution rested from attempted aggravated robbery to attempted simple robbery.

In this regard, the record reveals that the case proceeded to

trial on the charge of attempted aggravated robbery, and when the prosecution rested, the defendant moved for a judgment of acquittal on the ground that the evidence failed to establish the element that the defendant had the intent, if resisted, to kill, maim, or wound the person who he intended to rob. See the robbery statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-1 and the criminal attempt statute, 1967 Perm. Supp., C.R.S. 1963, 40-25-1.

The trial judge denied defendant's motion for judgment of acquittal and in doing so, also held that the case would proceed on the attempted robbery charge, absent the element of intent, if resisted, to kill, maim, or wound. The jury was accordingly instructed on the offense of attempted simple robbery and was not instructed on the offense of attempted aggravated robbery.

■■ The trial court treated the so-called attempted simple robbery offense as a lesser included offense of attempted aggravated robbery, and therefore, the defendant could properly be found guilty of the lesser offense even though it was not specifically charged. The main thrust of the defendant's argument is that the attempted robbery without the element of the specific intent, if resisted, to kill, maim, or wound is not a lesser included offense of the so-called charge of aggravated robbery which requires the specific intent, if resisted, to kill, maim, or wound. This is so, states the defendant, because the attempted simple robbery and the attempted aggravated robbery involves two entirely different intents. This argument is patently specious. An analysis of the robbery statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-1, makes it clear that it deals with two degrees of the crime of robbery. Simple robbery and the higher degree of aggravated robbery both require the intent to rob. In addition, aggravated robbery requires the specific intent if resisted to kill, maim or wound. Statutorily, therefore, aggravated robbery requires one additional element not required in simple robbery. If the robbery or attempted robbery is established but without this additional specific intent, a person charged with aggravated robbery or attempted aggravated robbery can

be found guilty of simple robbery or attempted simple robbery under the lesser included offense rule applicable in Colorado, in a case, as here, where only the greater crime is charged.

■ The test for determining when the lesser included offense rule is applicable is clearly set out in *People v. Futamata,* 140 Colo. 233, 343 P.2d 1058 (1959) as follows: "The approved test is: 'If the greater of two offenses includes all the legal and factual elements of the lesser, the greater includes the lesser; but if the lesser offense requires the inclusion of some necessary element not so included in the greater offense, the lesser is not necessarily included in the greater.' *Wharton, Criminal Law and Procedure,* Vol. 4, P. 752, Section 1888 . . ."

Attempted robbery without aggravation clearly does not include any element not included in the attempted robbery with aggravation. Therefore, the lesser included offense test of *Futamata* is met in the case at bar.

■ The defendant also argues that under the criminal attempt statute, 1967 Perm. Supp., C.R.S. 1963, 40-5-1, the statutory range of penalties would be the same for both attempted simple robbery and attempted aggravated robbery and therefore, since the range of penalties is the same, one cannot be the lesser offense of the other. In our view, this argument has no merit.

II.

Defendant was also found guilty of violating 1965 Perm. Supp., C.R.S. 1963, 40-11-10 which makes it a felony for certain felons to use and carry concealed on their person one of the weapons specified in the statute. It was stipulated that the defendant had previously been convicted of robbery. This statute may be violated by either concealing or using any of the specified weapons.

The defendant urges reversal on the allegation that the evidence was insufficient to establish that the defendant had, in fact, concealed the revolver just prior to the attempted robbery. Also, he maintains that to prohibit the use of a firearm by a felon is unconstitutional.

As to the alleged lack of evidence that the firearm was concealed on the person of the defendant just prior to the attempted robbery, it is true that the record here reveals no direct testimony which shows concealment. However, in our view, all the facts and evidence regarding the actions and statements of the defendant just prior to his act of attempted robbery would justify a strong inference on the part of the jury that the defendant had the weapon concealed on his person just prior to the attempted robbery. On the issue of sufficiency of the evidence to sustain a jury's verdict, the evidence, which includes all reasonable inferences which may be drawn therefrom, must be viewed in the light which most favors the jury's verdict. *Dodge v. People,* 168 Colo. 531, 452 P.2d 759 (1969). We therefore reject the defendant's argument that the evidence was insufficient in this respect.

This court, with reference to convictions based on the concealed weapon part of 1965 Perm. Supp., C.R.S. 1963, 40-11-10, has recently upheld this statute in the face of the constitutional attacks made here and has affirmed convictions for concealment of firearms or deadly weapons on the person of felons. *People v. Marques,* 179 Colo. 86, 498 P.2d 929 (1972) and *People v. Trujillo,* 178 Colo. 147, 497 P.2d 1 (1972).

We hold that the use, or concealment or possession of those weapons specified in the subject statute by a felon who has previously been convicted of one of the crimes itemized in the statute may be validly prohibited under the police power.

Judgment affirmed.

MR. JUSTICE GROVES and MR. JUSTICE ERICKSON dissent.

MR. JUSTICE GROVES dissenting:

I concur in the affirmance of the robbery conviction and respectfully dissent as to the other conviction.

In my view, there was no evidence that he carried a concealed weapon and the result is not properly inferable from the evidence. I would follow *People v. Beason,* 342 Ill.

App. 621, 97 N.E.2d 603 (1951), which is precisely in point, and would reverse the conviction as to the weapon charge.

MR. JUSTICE ERICKSON concurs in this dissent.