MR. CHIEF JUSTICE PRINGLE
delivered the opinion of the Court.
On January 31, 1972, defendant Barker escaped from the Colorado State Penitentiary. He was subsequently arrested in California and returned to Colorado where he was tried and convicted of the crime of escape, C.R.S. 1963, 40-7-53. For the reasons set forth herein, we affirm the judgment of conviction.
I.
Central to defendant’s defense is his contention that he committed the escape under duress. He testified that in the first part of January of 1972, he witnessed a stabbing incident and was thereafter labeled a “snitch” by other inmates, and was threatened by these inmates. He testified that he thrice tried to convey to the warden the fact that he was threatened, but received no response to his written communications. He now contends that this testimony, along with the testimony of two other witnesses, established the defense of duress, and the trial court should have directed a verdict of acquittal. We find no merit in this argument.
Whether or not defendant’s theory of the case constituted a viable defense to the crime of escape is beyond the pale of our immediate concern; nonetheless, this theory of duress as an excuse was fully presented to the jury by the trial court in its instructions. The jury, by its verdict, found the facts otherwise than as contended by the defendant and his witnesses.
It is axiomatic that the jury is the sole judge of the credibility of the witnesses. As pointed out in Gonzales v. People, 128 Colo. 522, 264 P.2d 508:
“The jury determines what witnesses are worthy of credit and gives credit accordingly, and it is not obligated to accept as true the testimony of any witness notwithstanding such witness has not been contradicted or *150 impeached.” 264 P.2d at 510.
Since there is an overwhelming amount of evidence in the record that supports the jury’s verdict, that verdict cannot be set aside on review. See Dodge v. People, 168 Colo. 531, 452 P.2d 759.
II.
Barker also contends that he was denied a fair trial because the prosecution sought to impeach a defense witness with a prejudicial question. This contention is based on the prosecution’s attempted impeachment of defense witness Kenner by asking the next defense witness, Tanksley, the following questions:
Q. What I’m getting at, did you ever leave the penitentiary together?
A. I left the penitentiary at Medium Security.
Q. In company of Mr. Kenner?
A. Mr. Kenner left the same day, yes, sir.
Since this cross-examination revealed conduct characterized by the defendant as only a collateral “misdeed” by the witness Kenner, and not a felony conviction, the defendant contends that it was a prejudicial assault on the character of both witnesses and requires reversal. We do not agree.
Generally, impeachment of a witness’ character is confined to showing former convictions of a felony, but not “acts or occurrences which show bad character,” Hawkins v. People, 161 Colo. 556, 423 P.2d 581. Here, however, this testimony was at most harmless error. In addition to the fact that the evidence of the defendant’s guilt was overwhelming, both Tanksley and Kenner had earlier testified to previous felony convictions — for Kenner, “a bundle of them,” and one for Tanksley. It is difficult to see how this testimony of a “misdeed” elicited from Tanksley could prejudice the jury any more than the perfectly proper admission of testimony relating to prior felony convictions had already done.
The judgment of the district court is affirmed.