## No. 26423

### The People of the State of Colorado v. Daniel Trujillo
(543 P.2d 523)

Decided December 15, 1975.

46

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, First Assistant, Thomas J. Tomazin, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Howard S. Bittman, Deputy, for defendant-appellant.

*In Department.*

Opinion by MR. JUSTICE HODGES.

Defendant Trujillo was found guilty of second-degree assault.[1] He urges reversal of his conviction on the ground that the evidence was insufficient to sustain the jury's verdict. We uphold the conviction and affirm the judgment of the trial court.

The record discloses that the defendant with a gun in his possession went to the residence of Tom Barela in response to a report that some man was "beating up" his girlfriend, Liz Barela (Tom's sister). When he made inquiry about Liz, he was ordered to leave the premises by Tom Barela, who testified that he had had an altercation with his sister. An argument ensued but the evidence is conflicting as to whether a scuffle actually occurred at this point. Liz then came out of the house and joined the defendant. They started walking toward his car. While the defendant was looking back over his shoulder at Tom Barela, he shot himself in the foot. Barela laughed. Defendant then shot Barela in the stomach and departed with Liz.

The defendant argues that the evidence presented at trial was insufficient to establish that he had the specific intent to injure the victim — a

---

[1] Section 40-3-203(1)(b), 1971 Perm. Supp., C.R.S. 1963; now section 18-3-203(1)(b), C.R.S. 1973. A person commits second-degree assault if "[w]ith intent to cause bodily injury to another person, he causes or attempts to cause such injury to any person by means of a deadly weapon. . . ."

necessary element for conviction of second-degree assault. He maintains that the evidence shows only that he shot Tom Barela either by accident or in self-defense.

When sufficiency of the evidence is challenged, an appellate court must review all the evidence in a light most favorable to the prosecution. In so doing, all inferences most favorable in support of the jury's verdict must be drawn. *People v. Trujillo,* 184 Colo. 387, 524 P.2d 1379 (1974); *People v. Mayfield,* 184 Colo. 399, 520 P.2d 748 (1974). The totality of the facts and circumstances surrounding the shooting clearly justify strong inferences which could be drawn by the jury that the defendant had the specific intent to injure Tom Barela with his gun. Mr. Hively, an eye-witness, testified that he saw defendant approach the house, making no attempt to conceal the gun at his side. Barela testified that defendant shot him in retaliation for his laughing at the defendant for shooting himself in the foot. Mr. Hively's testimony substantiates Barela's version that after the defendant shot himself, he pointed the gun at Barela who began laughing at him. Liz also testified that she saw defendant point the gun at the victim. There was no evidence that the victim was armed with a gun, knife or other weapon. What evidence, if any, which may have indicated accident or self-defense, was most equivocal and weak.

The evidence amply supports the verdict of the jury.

Judgment affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES and MR. JUSTICE LEE concur.