## No. 26325

**The People of the State of Colorado v. Eloy G. Salinas, a/k/a Eloy Barnhart, Florencio B. Sanchez, and Manuel Tovar**

(551 P.2d 703)

Decided June 21, 1976.                    Rehearing denied July 19, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Deborah L. Bianco, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for defendants-appellants Eloy G. Salinas and Florencio B. Sanchez.

Steven Silvern, for defendant-appellant Manuel Tovar.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Each of the defendants was found guilty by a jury of one count of statutory rape.[1] The defendants' main contentions for reversal are that the evidence was insufficient as a matter of law to sustain their convictions and that the statutory rape statute was unconstitutional because it applied only to male offenders.

At trial, the twelve-year-old victim testified that on the night of July 27, 1973, she and a girl friend were driven to a remote lake by a group of boys, many of whom she had not known before. At the lake, several of the boys pulled her out of the car and had sexual intercourse with her. She identified defendants Salinas and Sanchez as being two of the five boys who had intercourse with her.

She then testified that on the night of August 4, 1973, many of the same individuals drove her and her sister to a cornfield and again had intercourse with her. She identified defendants Tovar and Sanchez as being among those who had raped her on this second occasion. She admitted that she did not report the incidents to the police until after the second incident because she feared retribution from the boys.

The victim's seventeen-year-old sister likewise testified that a group of boys drove her and her sister to a cornfield on August 4, where her sister was forcefully removed from the car by the other boys. Her identification of the occupants of the car matched that of her sister except that she did not remember if defendant Sanchez was there. She stated that she saw defendant's brother, Jose Sanchez, get on top of her sister after he had removed her pants, though she could not observe whether penetration occurred. She then testified that after Jose had "finished," he told her she was next; at this point, her boyfriend intervened and she was allowed to walk back into town, though her sister was not similarly released.

The prosecution's third witness, Juan Rosales, admitted being present during both alleged rapes, though he was not one of those perpetrating the rapes. He testified that on July 27 he saw defendants Salinas and Sanchez "get on top" of the victim with their pants off and "screw her." He stated, however, that he was not in a position to observe whether penetration occurred. He similarly corroborated the victim's testimony concerning the

---

[1] 1971 Perm. Supp., C.R.S. 1963, 40-3-401(1)(d).

night of August 4 and also testified that he saw defendant Tovar "get on" the victim with his pants off. He testified, however, that defendant Sanchez was not present during this second incident.

At the close of the prosecution's case, the judge granted the prosecution's motion to dismiss one of the two counts against defendant Sanchez because the evidence failed to establish his involvement in the August 4 incident. However, he allowed the charges against Sanchez and Salinas for their involvement in the July 27 rape to be submitted to the jury, as well as the charge against Tovar for his participation in the August 4 rape.

## I.

The defendants argue that the foregoing testimony was inadequate as a matter of law to convict them of rape. They contend that the victim's testimony was wholly unreliable as demonstrated by her sometimes confusing and inconsistent testimony, by her mistaken placement of defendant Sanchez at the August 4 incident, and by her failure to make an immediate in-court identification of defendant Tovar. They also argue that the victim's testimony as to actual penetration was never corroborated by the other prosecution witnesses.

However, when viewed in a light most favorable to the prosecution, the evidence, together with reasonable inferences therefrom, is sufficient to sustain defendants' convictions. *See People v. Trujillo*, 190 Colo. 45, 543 P.2d 523 (1975); *People v. Trujillo*, 184 Colo. 387, 524 P.2d 1379 (1974). We find no merit in the defendants' argument that the victim's testimony was so inconsistent as to be unworthy of belief as a matter of law. *Compare People v. Duran*, 179 Colo. 129, 498 P.2d 937 (1972).

The prosecution's evidence, if believed by the jury, was sufficient to establish the elements of the crimes charged. This court, as a reviewing court, will therefore not usurp the province of the jury by making a redetermination of any possible conflicts in the evidence. *People v. Jones*, 191 Colo. 110, 551 P.2d 706; *Godfrey v. People*, 168 Colo. 299, 451 P.2d 291 (1969).

## II.

Defendants also argue that the statutory rape statute[2] denied them equal protection of the law as guaranteed by the Fourteenth Amendment of the United States Constitution and the Equal Rights Amendment of the Colorado Constitution. They contend it is unconstitutional because it punishes only male offenders and does not prohibit females from engaging in intercourse with young males.[3]

---

[2]The statute defined statutory rape in the following terms:
C.R.S. 1963, 40-3-401. Rape. (1) Any male who has sexual intercourse with a female person not his spouse commits rape, if:
* * * *
(d) the female is less than 16 years old and the offender is at least two years older than the female.

[3]Colo. Sess. Laws 1975, ch. 171, 18-3-403(1)(e) now prohibits both male and female offenders from engaging in sexual intercourse with victims less than 15 years old.

174

■ The Colorado Equal Rights Amendment provides:

"Equality of rights under the law shall not be denied or abridged by the state of Colorado or any of its political subdivisions on account of sex."

This amendment prohibits unequal treatment based exclusively on the circumstance of sex, social stereotypes connected with gender, and culturally induced dissimilarities. However, it does not prohibit differential treatment among the sexes when, as here, that treatment is reasonably and genuinely based on physical characteristics unique to just one sex. *See, e.g.,* Brown, Emerson, Falk, and Freedman, *The Equal Rights Amendment: A Constitutional Basis for Equal Rights for Women*, 80 Yale L.J. 871 (1971). In such a case, the sexes are not similarly situated and thus, equal treatment is not required.

■ We also hold that the statute does not violate the Fourteenth Amendment. It operates on a reasonable classification based upon physiological differences between the sexes. *See* our discussion rejecting similar claims of unconstitutionality in *People v. Gould*, 188 Colo. 113, 532 P.2d 953 (1975) and *People v. Green*, 183 Colo. 25, 514 P.2d 769 (1973).

The other contentions of error have no merit and require no discussion.

Judgments affirmed.

MR. JUSTICE ERICKSON does not participate.