Ellen I. Wachs Executive Director Colorado Commission on Women 1525 Sherman Street, 600C Denver, Colorado 80203
Dear Ms. Wachs:
I am writing in response to your inquiry on behalf of the Colorado Commission on Women.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry seeks an opinion from this office regarding the following questions:
1. Is the enabling statute of the Commission, C.R.S. 1973,24-34-201 et seq., constitutional?
My conclusion is "yes."
2. Specifically, is the enabling statute of the Commission constitutional under the Colorado Equal Rights Amendment (Colo. Const. art. II, § 29)?
My conclusion is "yes."
ANALYSIS
The Colorado Commission on the Status of Women was first established by Executive Order by Governor Love in 1964, and functioned under that authority until 1972, when the Colorado legislature created the Colorado Commission on Women. C.R.S. 1973, 24-34-201 et seq. In so doing, the legislature made the following determination:
 The general assembly finds and declares that the state of Colorado strives to promote the equality of all its citizens; that there has existed in the state, by executive order of the governor, the Colorado commission on the status of women; that there is a continuing need within the state to improve the status of women; and that the creation of a statutory commission can help to fulfill that need. C.R.S. 1973, 24-34-201(1).
Subsection 3 of section 201 enumerates the powers and duties of the Commission, generally charging the Commission with the authority to study, make recommendations, and act as a clearinghouse to insure that women in Colorado are able to contribute to society according to their full potential. The statute does not create any classifications of Colorado citizens. As is stated in the legislative declaration (quoted above), the State of Colorado strives to promote the equality ofall its citizens, and the creation of the Commission on Women was intended by the legislature to improve the status of women, thus bringing the benefits of equality to both women and men.
It is not violative of the equal protection laws of the federal or state constitutions for the government to take sex or race into account when it acts to remedy past discrimination, at least when appropriate findings have been made by judicial, legislative, or administrative bodies with competence to act in the area. Regents of the University of California v.Bakke, 438 U.S. 265, 57 L.Ed.2d 750, 98 S.Ct. 2733
(1977). In Bakke, the majority opinion held that the medical school's special admissions program was unconstitutional as a denial of equal protection because the program created a "quota" system, based on race. At the same time, however, the opinion upheld the right of the school to take race into consideration in accepting medical students into its school.57 L.Ed.2d at 790. The Bakke court noted that "gender-based classifications are not subjected to this level of scrutiny" and that "the Court has never viewed (gender-based) classifications as inherently suspect or as comparable to racial or ethnic classifications for the purpose of equal-protection analysis." 57 L.Ed.2d at 779.
Thus, just as legislative actions need not be "color-blind" underBakke, neither must they be "genderblind" when a finding of past discrimination has been made. Precisely such a finding was made by the Colorado legislature in the instant case. In light of that finding, the enactment of the statute was an appropriate response to the problem identified by the legislature itself.
Next, I turn to the question of whether or not the enabling act of the Commission on Women is constitutional under the Colorado Equal Rights Amendment. Art. II, § 29 of the Colorado Constitution reads as follows:
 Equality of rights under the law shall not be denied or abridged by the State of Colorado or any of its political subdivisions on account of sex.
In People v. Salinas, 191 Colo. 171, 551 P.2d 703
(1976), the Colorado Supreme Court held that the State Equal Rights Amendment prohibits the "unequal treatment based exclusively on the circumstance of sex, social stereotypes connected with gender, and culturally induced dissimilarities." There is nothing in the enabling statute of the Commission that mandates or allows such "unequal treatment" of the sexes. The statute does not confer rights or impose burdens on anybody — male or female. The benefits of this statute accrue to all Colorado citizens. The mere use of the word "women" in the Commission's name does not render it unconstitutional.
SUMMARY
In conclusion, my opinion is that the enabling statute of the Colorado Commission on Women is constitutional under both the federal and state constitutions.
Very truly yours,
 J.D. MacFARLANE Attorney General
WOMEN STATE AGENCIES
C.R.S. 1973, 24-34-201 et seq.
Colo. Const. art. II, § 29
REGULATORY AGENCIES, DEPT. Commission on Women
Statute establishing Colorado Commission on Women did not violate federal or state equal protection guarantees or Colorado Equal Rights Amendment (Colo. Const. art. II, § 29).