The PEOPLE of the State of Colorado, Petitioner

v.

Farrell GREENLEE, Respondent.

No. 08SC10.

Supreme Court of Colorado,
En Banc.

Jan. 20, 2009.

John W. Suthers, Attorney General, Paul E. Koehler, Senior Assistant Attorney General, Denver, CO, Attorneys for Petitioner.

Danyel S. Joffe, The Joffe Law Firm, Denver, CO, Attorney for Respondent.

Justice RICE delivered the Opinion of the Court.

The People seek review of the court of appeals' decision in *People v. Greenlee,* No. 05CA1480, 2007 WL 3197200 (Colo.App. Nov. 1, 2007) (not selected for official publication), reversing the defendant's convictions for second degree murder with the use of a deadly weapon and tampering with evidence. The court of appeals concluded that certain evidence, characterized as *res gestae* evidence, was improperly admitted at trial and that the error was not harmless.

We granted certiorari and now reverse. We hold that the defendant's statements about his plan to kill a woman and hide the body in a remote area, made two months before shooting the victim and hiding her body, are admissible under general rules of relevancy. The case is remanded to the court of appeals with instructions to consider the remaining unresolved issues on appeal.

## I. Facts and Procedural History

In December 2003, while at a friend's house, the defendant, Farrell Greenlee, shot a woman in the face with a shotgun, killing her. The witness, who was in the room when the victim was shot, testified that the victim asked to see the shotgun Greenlee was carrying. While Greenlee and the victim playfully bickered over the gun, Greenlee pointed the loaded gun at the victim. While the witness was looking away, the gun fired, immediately killing the victim. After the shooting, Green-

lee wrapped the victim's body in bedding, loaded the body into the trunk of his car, and disposed of the body in an abandoned refrigerator in a remote area on his father's ranch.

The People alleged Greenlee knowingly killed the victim. Greenlee did not dispute that he shot and killed the victim and disposed of her body, but argued that he did not knowingly kill the victim because the shotgun accidentally fired.

Before trial, the People filed a Notice of Intent to Introduce Prior Bad Acts pursuant to CRE 404(b). The People sought to introduce testimony from Greenlee's acquaintance that, two months prior to the shooting, Greenlee revealed his plan to shoot and kill a woman and hide her body in a remote location. According to the acquaintance, the conversation occurred at a friend's house, where Greenlee and several other people were using methamphetamine.

At the motions hearing, the trial court concluded Greenlee's statements were not governed by CRE 404(b) and held that the evidence was part of the same transaction so "it just comes in." Defense counsel argued that the evidence was not sufficiently reliable because other people who were present at the house did not recall Greenlee talking about a murder plan. The trial court held that the reliability of the witness's testimony was a question for the jury. In light of this ruling, defense counsel was granted an opportunity to file a motion in limine asking the court to reconsider its decision. No motion in limine was filed, and defense counsel did not object at trial when the acquaintance testified about her conversation with Greenlee.

At the conclusion of the trial, the jury found Greenlee guilty of second degree murder with the use of a deadly weapon[1] and tampering with evidence.[2] Greenlee appealed.

The court of appeals concluded the trial court erred in admitting Greenlee's statements as *res gestae* evidence. The court reasoned that there were numerous inconsis-

---

1. § 18–3–103(1), C.R.S. (2003); § 18–1.3–406(2), C.R.S. (2003).

2. § 18–8–610(1)(a), C.R.S. (2003).

tencies between the plan evidence and the actual events, such that the plan evidence was not so closely connected as to constitute part of the instant offense. Moreover, the court found the plan conversation too remote in time to qualify as *res gestae* evidence. The People argued that, in the alternative, the plan evidence was admissible under CRE 404(b). The court of appeals declined to decide this issue, holding that the record lacked the necessary fact findings to do so. The court concluded the error was not harmless, reversed the convictions, and remanded the case for a new trial, leaving three of Greenlee's claims unresolved.

We granted certiorari on three issues.[3] We hold that the plan evidence is admissible, and therefore we reverse the court of appeals and remand with instructions.

## II. Analysis

We begin our analysis by considering the evidentiary rules that apply to the plan evidence. First, we apply the hearsay rules. Next, we determine whether the evidence is relevant under CRE 401 and not unfairly prejudicial under CRE 403. Finally, we consider the theories of relevance *(res gestae* and CRE 404(b)) argued by the parties and analyzed by the court of appeals.

### 1. Hearsay

■ The plan evidence consists solely of the statements of the defendant, made against his interests. When offered by the People, a defendant's statements lack the presumptive unreliability of hearsay statements, *see Blecha v. People*, 962 P.2d 931, 937 (Colo.1998), and are not hearsay. CRE 801(d)(2). Accordingly, Greenlee's words are admissible under the hearsay rules.

### 2. CRE 401 and 403

■ Although Greenlee's statements are not hearsay, they must also satisfy other standards of admissibility, including relevancy. *Burlington N. R.R. Co. v. Hood*, 802 P.2d 458, 467 (Colo.1990). To be admissible, evidence must be relevant under CRE 401 and not unfairly prejudicial under CRE 403.

■ Evidence is relevant where it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." CRE 401. Relevant evidence "need not prove conclusively the proposition for which it is offered, ... but it must in some degree advance the inquiry." 2 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 401.04[2][b] (Joseph M. McLaughlin ed., 2d ed.2008). It is within the province of the trial court to determine if evidence is relevant, and that decision will not be overturned absent an abuse of discretion. *People v. Ibarra*, 849 P.2d 33, 38 (Colo.1993). An abuse of discretion occurs when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Id.*

■ Greenlee's state of mind was the sole issue at trial. Accordingly, whether he knowingly shot the victim was a fact of consequence to determination of the action. Greenlee's statement two months prior that he planned to shoot a woman and hide her body in a remote location has a tendency to make it more probable that he knowingly shot the victim. Though Greenlee's words are not direct evidence of his state of mind, his statements are circumstantial evidence that he formed the necessary mental state to commit the charged offense. *See People v. Quintana*, 882 P.2d 1366, 1374 (Colo.1994) (holding that defendant's statements that he would kill other people, not involved in the offense at issue, were probative of his ability to form the intent to commit first-degree murder); *see also United States v. Tecumseh*, 630 F.2d 749, 752 (10th Cir.1980) (up-

---

**3.** We granted certiorari on the following issues:

1. Whether the court of appeals erred in holding that evidence of a defendant's plan to shoot a woman and then hide her body made two months before he shoots a woman and hides her body is inadmissible as *res gestae* evidence at his murder trial.

2. Whether admitting evidence erroneously under a *res gestae* theory, when it might have been admissible under CRE 404(b), is reversible error.

3. Whether the court of appeals erred in not applying a plain error standard of review to the admission of a witness's testimony about defendant's plan.

holding the admission of defendant's statements that he was a murderer and could kill the victim with a gun because the statements were probative and relevant to prove premeditation and malice aforethought). A jury could reasonably infer that, because Greenlee recently thought about shooting and killing a woman under remarkably similar circumstances to the actual events,[4] he formed that mental state before the victim was shot and then fulfilled the plan by hiding her body. This is especially true when the plan evidence is coupled with Greenlee's statements in a letter written several months after the shooting. Greenlee wrote to a friend, expressing his enjoyment of the book *A Simple Plan*[5] because he loved when the murder plan came together. In doing so, Greenlee stated, "[W]hich is, of course, how I got in this mess anyway." That Greenlee talked about his plan before the shooting and then later hinted that a murder plan is what got him in trouble makes it more likely that he knowingly shot the victim. Accordingly, Greenlee's statements two months before the shooting are relevant under CRE 401 to prove his mental state.

▇ Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice...." CRE 403. Colorado Rule of Evidence 403 strongly favors the admission of relevant evidence, so the evidence should be given its maximum probative value and minimum prejudicial effect. *Quintana*, 882 P.2d at 1375. Evidence is unfairly prejudicial where it introduces into the trial considerations extraneous to the merits, such as bias, sympathy, anger, or shock. *People v. Dist. Court*, 869 P.2d 1281, 1286 (Colo. 1994).

▇ Greenlee argues the evidence is not reliable, and therefore it is unfairly prejudicial. Greenlee points to the testimony of two witnesses, suggesting that their conflicting recollections about Greenlee's statements cause the evidence to be inadmissible.[6] However, the reliability of lay witness testimony goes to the weight given to the evidence by the fact-finder, not to its admissibility. *In re the Interest of J.E.B.*, 854 P.2d 1372, 1376 (Colo.App.1993); *see also Gordon v. Benson*, 925 P.2d 775, 778 (Colo.1996) (explaining that a jury can believe all, part, or none of a witness's testimony, regardless of contradictory evidence); *People v. Barker*, 189 Colo. 148, 149, 538 P.2d 109, 110 (1975) ("[T]he jury is the sole judge of the credibility of the witnesses.").

▇ Greenlee also contends that the time between the statements and the shooting is sufficient to make the statements inadmissible. Contrary to this argument, remoteness in time generally impacts the weight, not the admissibility, of relevant evidence. *Fletcher v. People*, 179 P.3d 969, 974 (Colo.2007); *People v. Trefethen*, 751 P.2d 657, 659 (Colo.App. 1987). Moreover, remoteness in time is less significant under the facts in this case because the relevance of Greenlee's statements is not dependant on the timing of the statements. *Cf. Fletcher*, 179 P.3d at 975 (explaining that a sexual assault victim's prior sexual activity (or lack thereof) is relevant to show the cause of an injury, but is admissible only if it occurred within the time it takes such an injury to heal). The short period of nine weeks between Greenlee's statements and the shooting is not sufficient to lessen the probative value of his statements, so we cannot conclude the trial court abused its discretion in admitting the evidence. *See id.*

---

4. The court of appeals concluded there were a number of significant inconsistencies between the plan and the actual shooting. We find the differences to be negligible. The essence of Greenlee's plan was to kill a woman by shooting her and then to dispose of her body in a remote area where no one could find it.

5. Scott Smith (1993).

6. The testimony is not as plainly contradictory as Greenlee suggests. At trial, two witnesses, Calinda Forristall and Byron Fish, were asked about the gathering in October 2003 where Greenlee purportedly discussed his plan. Ms. Forristall described the gathering but did not list Mr. Fish as present that night. Mr. Fish did not recall being present at the gathering, but nonetheless expressed his opinion that any claim that Greenlee discussed a murder plan was "hogwash." Moreover, while the pre-trial record indicates two additional witnesses were present at the gathering who did not recall a conversation about a murder plan, those witnesses did not testify at trial.

at 974 ("The question of whether evidence is too remote is within the trial court's discretion....").

In sum, we find no colorable argument that the probative value of the evidence is substantially outweighed by unfair prejudice. Thus, Greenlee's statements are admissible under CRE 401 and 403.

### 3. Res Gestae

■ Having decided the plan evidence is admissible under hearsay and relevancy rules, we turn to the holding by the court of appeals excluding the evidence under *res gestae* principles.[7] *Res gestae* is a theory of relevance which recognizes that certain evidence is relevant because of its unique relationship to the charged crime. *See People v. Rollins*, 892 P.2d 866, 872–73 (Colo.1995) ("*Res gestae* evidence is ... incidental to the main fact and explanatory of it, ... [and is] so closely connected therewith as to constitute a part of the transaction, and without knowledge of which the main fact might not be properly understood." (internal quotations omitted)); *Quintana*, 882 P.2d at 1373 (explaining that *res gestae* evidence is "generally linked in time and circumstances with the charged crime, forms an integral and natural part of an account of a crime, or is necessary to complete the story of the crime for the jury" (internal quotations omitted)).

■ We conclude there is no need to consider an alternative theory of relevance, such as *res gestae*, where the evidence is admissible under general rules of relevancy.

Thus, we do not review the court of appeals' analysis of *res gestae* principles. Moreover, "[a] defendant's conviction will not be reversed if a trial court reaches a correct result although by an incorrect analysis." *Id.* at 1375. Accordingly, the reasoning employed by the trial court (and reviewed by the appellate court) to admit the plan evidence does not impact our analysis. Greenlee's statements are admissible.

### 4. CRE 404(b)

■ Finally, we consider the argument of both parties that the plan evidence is admissible under CRE 404(b).[8] Like *res gestae*, CRE 404(b) is a theory of relevance. However, because CRE 404(b) limits the admissibility of relevant evidence, *People v. Spoto*, 795 P.2d 1314, 1318 (Colo.1990), it could serve to exclude Greenlee's statements. For that reason, we explain why Greenlee's statements do not implicate CRE 404(b).

Colorado Rule of Evidence 404(b) prevents the use of other crimes, wrongs, or acts to prove the character of a person in order to show he acted in conformity therewith. Greenlee's statements are not character evidence because their relevance does not depend on an impermissible inference about Greenlee's character. *See Spoto*, 795 P.2d at 1318. Moreover, Greenlee's words are not conduct, do not amount to a crime,[9] and do not reveal prior bad acts.[10] They merely reveal his thoughts about what he plans to do in the future. Therefore, Greenlee's state-

---

7. Greenlee argued before the court of appeals that the trial court admitted the plan evidence as *res gestae* evidence and that doing so was error. Our reading of the record shows the trial court did not specifically consider *res gestae* principles, as the court simply held that the plan evidence was part of the same transaction so it just comes in. Thus, it is not clear under which evidentiary rule the trial court admitted the evidence.

8. The People argue CRE 404(b) provides an alternative method—other than *res gestae*—to admit the evidence. Greenlee contends the plan evidence, if admissible, is only admissible under CRE 404(b), which provides certain procedural protections. Greenlee asserts that if the evidence is admitted under CRE 404(b), reversal is required because he was not given the benefit of those procedural protections.

9. We do not suggest statements cannot be "crimes, wrongs, or acts" within the meaning of CRE 404(b). *See People v. Medina*, 51 P.3d 1006, 1012–13 (Colo.App.2001) (applying CRE 404(b) analysis to defendant's statements where his words constituted the offense of witness tampering); *see also People v. Eggert*, 923 P.2d 230, 234 (Colo.App.1995) (threatening a witness is a criminal act). In this case, Greenlee's words are not a criminal act.

10. Rule 404(b) likely does apply if a defendant's statements reveal or suggest prior criminal conduct. *See United States v. Oberle*, 136 F.3d 1414, 1418 (10th Cir.1998) (applying Federal Rule of Evidence 404(b) to defendant's statements where he revealed he was in prison before and previously robbed banks).

ments are not subject to CRE 404(b) analysis.

### III. Conclusion

We conclude the trial court did not err in admitting Greenlee's statements. Where the trial court does not err, we need not consider whether the court of appeals correctly engaged in a harmless error analysis. Therefore, we do not decide the third issue on which we granted certiorari.[11]

Greenlee's statements, two months before killing the victim, revealing his plan to shoot a woman and hide her body in a remote location are admissible under general rules of relevancy. Thus, there was no need to rely on an alternative theory of relevance to admit the evidence. Additionally, we hold that CRE 404(b) does not apply. Therefore, it was not error for the trial court to admit the plan evidence. We reverse the court of appeals and reinstate Greenlee's convictions. The case is remanded to the court of appeals with instructions to consider Greenlee's remaining unresolved claims.

---

**11.** The third issue is: "Whether the court of appeals erred in not applying a plain error standard of review to the admission of the witness's testimony about defendant's plan."